# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LUIS MARTINEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>DEVON ENERGY CORP. | CASE NO: 6:17-cv-00164<br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Luis Martinez ("Martinez") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Devon Energy Corporation ("Devon").

2. Devon is in the business of providing safety personnel offering safety services to operators and other oil field services companies.

3. Martinez and the other workers like him were typically scheduled for 12-hour shifts, 7 days a week, for weeks at a time. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, Devon paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because Martinez and other Putative Class Members reside in and/or worked in this Division.

### THE PARTIES

7. Martinez worked exclusively for Devon as a Safety Consultant from approximately December 2012 until August 2015. Throughout his employment with Devon, he was paid a day-rate with no overtime compensation and was classified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

8. Martinez brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Devon's day-rate system. Devon paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Putative Class Members") consists of:

> **Current and former safety consultants that were employed by, or worked on behalf of, Devon Energy Corp. during the past three years who were classified as independent contractors and paid a day-rate.**

9. Devon is a Texas corporation doing business throughout Texas, including in this District. Devon may be served by serving its registered agent for service of process: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201**.

### COVERAGE UNDER THE FLSA

10. For at least the past three years, Devon has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. For at least the past three years, Devon has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. For at least the past three years, Devon has been part of an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. For at least the past three years, Martinez and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. Devon treated Martinez (and indeed all of its Safety Consultants that it classified as independent contractors) as employees and uniformly dictated the pay practices to which Martinez and its other employees (including its so-called "independent contractors") were subjected.

15. Devon's misclassification of Martinez as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

**FACTS**

16. Devon is an oil and natural gas exploration and production company operating worldwide and throughout the United States, including Texas. To provide services to many of its customers, Devon contracts with certain companies to provide it with personnel to perform the necessary work.

17. Many of these individuals worked for Devon as Safety Consultants on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Devon classified all of its Safety Consultants as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40

hours in a workweek.

18. For example, Martinez worked exclusively for Devon from approximately December 2012 until August 2015 as a Safety Consultant. Throughout his employment with Devon, he was classified as an independent contractor and paid on a day-rate basis.

19. As a Safety Consultant, his primary job duties (and the job duties of all other Safety Consultants employed by Devon who were classified and independent contractors and paid a day-rate) included ensuring jobsites were in compliance with company and governmental rules and regulations, investigating workplace injuries, conducting safety meetings, and filling out reports. Devon typically scheduled Martinez to work 12-hour shifts, for as many as 7 days a week. Martinez worked well in excess of 40 hours each week while employed by Devon.

20. The work Martinez performed was an essential party of Devon's core business.

21. During Martinez's employment with Devon while he was classified as an independent contractor, Devon and/or the company it contracted with exercised control over all aspects of his job. Devon did not require any substantial investment by Martinez in order for him to perform the work required of him. Devon determined Martinez's opportunity for profit and loss. Martinez was not required to possess any unique or specialized skillset (other than that maintained by all other Safety Consultants) to perform his job duties.

22. Indeed, Devon and/or the company it contracted with controlled all of the significant or meaningful aspects of the job duties performed by Martinez.

23. Devon ordered the hours and locations Martinez worked, tools used, and rates of pay received.

24. Even though Martinez often worked away from Devon's offices without the presence of a direct Devon supervisor, Devon still controlled all aspects of Martinez's job activities by enforcing mandatory compliance with Devon's and/or its client's policies and procedures.

25. No real investment was required of Martinez to perform his job. More often than not, Martinez utilized equipment provided by the client to perform his job duties. Martinez did not provide the equipment he worked with on a daily basis. Devon and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Martinez worked.

26. Martinez did not incur operating expenses like rent, payroll, marketing, and insurance.

27. Martinez was economically dependent on Devon during his employment.

28. Devon set Martinez's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Devon.

29. Devon directly determined Martinez's opportunity for profit and loss. Martinez's earning opportunity was based on the number of days he Devon scheduled him to work.

30. Very little skill, training, or initiative was required of Martinez to perform his job duties.

31. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Devon and/or the operator Devon contracted with. Virtually every job function was pre-determined by Devon and/or the operator Devon contracted with, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to

servicing oil and gas operations in the field.

32. Martinez performed routine manual and technical labor duties that were largely dictated by Devon and/or its clients.

33. Martinez worked exclusively for Devon from approximately December 2012 until August 2015 as an independent contractor.

34. Martinez was not employed by Devon on a project-by-project basis.

35. In fact, while Martinez was classified as an independent contractor, he was regularly on call for Devon and/or its clients and was expected to drop everything and work whenever needed.

36. All Devon's Safety Consultants perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

37. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Devon paid the Putative Class Members a day-rate. Devon denied the Putative Class Members overtime for any and all hours worked in excess of 40 hours in a single workweek.

38. Devon's policy of failing to pay its independent contractors, including Martinez, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

39. It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

40. Because Martinez (and Devon's other independent contractors) was misclassified as an independent contractor by Devon, he should receive overtime for all hours that he worked in

excess of 40 hours in each workweek.

41. Devon's day-rate system violates the FLSA because Martinez and the other Safety Consultants did not receive any pay for hours worked over 40 hours each week.

### FLSA VIOLATIONS

42. As set forth herein, Devon has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

43. Devon knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Devon's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

44. Accordingly, Martinez and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### COLLECTIVE ACTION ALLEGATIONS

45. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Martinez and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

46. From his observations and discussions with these employees, Martinez is aware that the illegal practices or policies of Devon have been imposed on the Putative Class Members.

47. The Putative Class Members all were classified as independent contractors, received a

day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Devon's unlawful compensation practices and are similarly situated to Martinez in terms of relevant job duties, pay provisions, and employment practices.

48. Devon's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Martinez's experiences are typical of the experiences of the Putative Class Members.

49. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### JURY DEMAND

50. Martinez demands a trial by jury.

### RELIEF SOUGHT

51. WHEREFORE, Martinez prays for judgment against Devon as follows:

   (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

   (b) For an order pursuant to section 16(b) of the FLSA finding Devon liable for unpaid back wages, and an equal amount of liquidated damages, due to Martinez and the class members;

   (c) For an order awarding Martinez and the class members the costs of this action;

   (d) For an order awarding Martinez and the class members their attorneys' fees;

   (e) For an order awarding Martinez and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

(f) For an order awarding Martinez and the class members pre- and post-judgment interest at the highest rates allowed by law; and

(g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Matthew S. Parmet* _____

Richard J. (Rex) Burch
Texas Bar No. 24001807
Matthew S. Parmet
Texas Bar No. 24069719
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

**Attorneys for Plaintiff**